The Honorable Mark Perry State Representative
6 Foxboro Cove Jacksonville, Arkansas 72076-2605
Dear Representative Perry:
This is my opinion on your questions about how a newly enacted law affects the Arkansas Towing and Recovery Board's jurisdiction:
 1. Does the passage of Act 1061 of 2011 exempt from the jurisdiction of the Arkansas Towing and Recovery Board, a licensed used car dealer, who owns a salvage yard and, in furtherance of that business, owns and uses a flat bed wrecker to deliver parts and pick up salvage vehicles and vehicles purchased for the used car business?
 2. On its effective date, will Act 1061 of 2011 exempt tow vehicles not soliciting business for towing?
The Board's jurisdiction is prescribed by title 27, chapter 50, subchapter 12 of the Arkansas Code ("Subchapter 12"). Before Act 1061, Subchapter 12's first section, entitled "Applicability," read in relevant part:
 (a) The provisions of this subchapter shall apply to any person, firm, organization, or other entity engaged in the towing or storage of vehicles in the State of Arkansas.
A.C.A. § 27-50-1201 (Repl. 2010). *Page 2 
Effective July 1, 2011, Act 1061 amended the subsection to read:
 (a) This subchapter applies to a person:
 (1) Engaged in the towing or storage of vehicles in the State of Arkansas; and
 (2) That is hired to tow or store the vehicle.
Act 1061 of 2011, §§ 4 (quoted text), 8 (emergency clause).
The relevant substantive change was the addition of the "hired" condition in (2).
The Board is charged by law to "promulgate rules . . . to carry out the intent of [Subchapter 12] and [to] regulate the towing industry." A.C.A. § 27-50-1203(e)(1). The Board has in fact adopted rules interpreting Act 1061's "hired" provision. One rule states that "hire to tow" includes
 the operation of a tow vehicle(s) for compensation, consideration or commercial purposes but does not include the operation of a tow vehicle(s) to transport or otherwise facilitate the movement of a vehicle(s) that is owned by the operator or the operator's employer.
Board Rule 1.18.
RESPONSE
In my opinion, Act 1061, as validly interpreted by the Board, exempts from Subchapter 12 the dealer described in your first question if the dealer owns the vehicle towed, but not otherwise. It is also my opinion that solicitation for business is not relevant to the question of whether Act 1061, as validly interpreted by the Board, exempts a person from Subchapter 12.[1] *Page 3 
 Question 1 — Does the passage of Act 1061 of 2011 exempt fromthe jurisdiction of the Arkansas Towing and Recovery Board, alicensed used car dealer, who owns a salvage yard and, infurtherance of that business, owns and uses a flat bed wrecker todeliver parts and pick up salvage vehicles and vehicles purchasedfor the used car business?
Act 1061 exempts persons not "hired to tow." By rule, the Board has interpreted "hired to tow" to mean towing for compensation, consideration, or commercial purpose, unless the towed vehicle is owned by the tow operator or employer.
"[T]he interpretation placed on a statute or regulation by an agency or department charged with its administration is entitled to great deference and should not be overturned unless clearly wrong."Mountain Pure, LLC v. Little Rock Wastewater Utility,2011 Ark. 258, at 8, ___ S.W.3d ___, 2011 WL 2410598.
Here, I cannot say that the Board's interpretation is clearly wrong or even likely wrong, so I accept and defer to it.
Accordingly, it is my opinion that Act 1061, as validly interpreted by the Board, exempts from Subchapter 12 the licensed used car dealer in your first question if the dealer owns the vehicle towed.
It is further my opinion, however, that Act 1061, as validly interpreted by the Board, does not exempt the dealer from Subchapter 12 when the dealer tows a vehicle not owned by the dealer.[2]
 Question 2 — On its effective date, willAct 1061 of 2011 exempt tow vehicles not soliciting business fortowing?
As I understand the words' ordinary meanings, "solicitation" does not invariably precede "hiring." Act 1061 itself does not, therefore, state or imply that the exemption hinges on the presence or absence of solicitation. *Page 4 
Nor does Board Rule 1.18 make solicitation relevant to the "hired to tow" question on which the exemption from Subchapter 12 depends. The relevant facts under the rule are compensation, consideration, or commercial purpose, and ownership of the vehicle towed. A person might tow for a commercial purpose a vehicle owned by another person without having solicited business. Such a person is nonetheless "hired to tow," as the Board has validly interpreted that phrase.
In my opinion, then, solicitation is not relevant to the question of whether Act 1061, as validly interpreted by the Board, exempts a person from Subchapter 12.
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
DM/JMB:cyh
[1] My conclusions are based on my deference to the interpretation of Act 1061 embodied in Board Rule 1.18, which was adopted as an emergency rule under A.C.A. § 25-15-204(b)(1) (Supp. 2009). The rule may remain in effect for no more than 120 days. A.C.A. § 25-15-204(b)(2). Any rule adopted later may interpret "hired" differently, and any such interpretation will likewise be entitled to deference unless clearly wrong. A person interested in the matters addressed in this opinion should refer to the Board's then-current rules.
[2] I assume for purposes of this opinion that the dealer in your first question acts for "compensation, consideration, or commercial purpose" in each instance. Board Rule 1.18. A dealer towing a vehicle in the absence of each such element would not be "hired to tow," and therefore would be exempt from Subchapter 12, under the Board's valid interpretation of Act 1061.